UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GUARIONEX G.,

                          Plaintiff,

v.                                                                           CASE # 20-cv-00868

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave.<br>Suite 103<br>Buffalo, NY 14209 | LEWIS L. SCHWARTZ, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JUDITH COHEN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented, in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record is **GRANTED**, and Defendant's motion is **DENIED,** the decision of the Commissioner be

**REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this order.

I.     RELEVANT BACKGROUND

    A.     **Factual Background**

Plaintiff was born on April 19, 1968, and he has at least a high school education. (Tr. 71, 140). Generally, plaintiff's alleged disability consists of posttraumatic stress disorder (PTSD), depression, anxiety, isolation, social anxiety, and disassociation. (Tr. 139). His alleged disability onset date is August 1, 2015. (Tr. 146). His date last insured was September 30, 2015. (Tr. 218).

    B.     **Procedural History**

On February 27, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 72). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On April 15, 2019, plaintiff appeared before the ALJ Paul Goodale. (Tr. 30-70). On June 5, 2019, ALJ Goodale issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-29). On June 26, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 5-11). Thereafter, Plaintiff timely sought judicial review in this Court.

    C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2015.

2. The claimant has not engaged in substantial gainful activity during the period from his alleged onset date of August 1, 2015 through his date last insured of September 30, 2015 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: anxiety disorder, depressive disorder, and post-traumatic stress disorder ("PTSD") (20 CF'R 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CF'R Part 404, Subpart P, Appendix 1 (20 CF'R 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: the claimant must avoid concentrated exposure to extreme noise and vibration, and to workplace hazards such as dangerous machinery (excluding motor vehicles) and unprotected heights. He could do simple, routine, repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few, if any, workplace changes. The claimant could not do assembly line type work (i.e., outwardly paced, working in close tandem with co-workers), but could do individual table/bench work. The claimant could have occasional contact with the general public and superficial contact with coworkers and supervisors.

6. The claimant has no past relevant work (20 CFR 404.1565).

7. The claimant was born on April 19, 1968 and was 47 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CPR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CPR 404.1564)

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CPR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from August 1, 2015, the alleged onset date, through September 30, 2015, the date last insured (20 CFR 404.1520(g)).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ erred in failing to evaluate the opinion of psychologist Dr. Reynolds in a Veterans Affair Compensation and Pension exam. (Dkt. No. 11 at 14 [Pl.'s Mem. of Law]). Second, plaintiff argues the ALJ erred by substituting his own medical judgment over that of a physician. (Dkt. No. 11 at 17).

### B. Defendant's Arguments

In response, defendant argues that the ALJ's RFC finding was supported by substantial evidence. (Dkt. No. 12 at 6 [Def.'s Mem. of Law]). Defendant also argues the report by Dr. Reynolds was not an opinion and the ALJ properly evaluated the opinion evidence. (Dkt. No. 12 at 10).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.   Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

Plaintiff argues the ALJ's failure to discuss or weigh Dr. Reynolds' Veterans Compensation and Pension Examination note is reversable error. (Dkt. No. 11 at 6). On June 5, 2015, Dr. William Reynolds at the Veterans Administration Medical Center examined plaintiff and completed a post traumatic stress disorder disability benefits questionnaire. (Tr. 193). The examination findings thoroughly described plaintiff's mental disorders, symptoms, observations, occupational and social impairments, clinical findings, and DSM-5 criteria. (Tr. 193-198). The form specifically states, "for VA rating purposes check all symptoms that apply." (Tr. 197). Unfortunately, the ALJ never discussed this examination in his decision.

Plaintiff persuasively asserts that the June 2015 examination was substantial evidence of greater limitations but also a Step Two listing finding. Defendant responds that case law does not require an ALJ to discuss every piece of evidence and it was not an opinion because there were no functional limitations. (Dkt. No. 12 at 10). A medical opinion, for purposes of an ALJ's disability determination, is defined as evidence submitted to or obtained by the ALJ containing statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including symptoms, diagnosis and prognosis, the claimant's capabilities despite the impairments, and any physical or mental

restrictions. *See Sickles v. Colvin*, No. 12-CV-774 MAD/CFH, 2014 WL 795978, at *4 (N.D.N.Y. Feb. 27, 2014) citing 20 C.F.R. § 404.1527.

The Compensation and Pension PTSD examination was conducted by a psychologist whose medical conclusions included information on the nature and severity of the claimant's post-traumatic stress disorder, including diagnosis and symptoms. (Tr. 198). It is fundamental CFR law that an ALJ is obligated to evaluate every medical opinion received in the record. 20 C.F.R. §404.1527(c). An ALJ must consider all pertinent medical evidence in the record regarding a plaintiff's impairments and must explain why he relied on certain opinions of record and not on others. *Shaw v. Chater*, 221 F.3d 126, 135 (2nd Cir. 2000).

Despite the ALJ's awareness of the VA disability determination, there is nothing in this record demonstrating the ALJ considered the Compensation and Pension examination, so it cannot be inferred by the reader how it was weighed or considered. Although the ALJ gave some consideration to the VA service-connected disability rating of 70%, he committed plain error by failing to give adequate consideration to the Compensation and Pension exams. *See, e.g. Longbardi v. Astrue,* No. 07 Civ. 5952, 2009 WL 50140, at *22 (S.D.N.Y. Jan. 7, 2009) ("Courts in this Circuit have long held that an ALJ's failure to acknowledge relevant evidence or explain its implicit rejection is plain error.") (internal quotation omitted).

More specifically, as cited by plaintiff, a Court has recently concluded that failure to evaluate a Compensation and Pension examination opinion cannot be harmless, because it is highly relevant and probative. *See Stack v. Commissioner*, 2020 WL 5494494, *4-6 (W.D.N.Y. 2020) (finding that, although not required to accept the VA's determination of disability, the ALJ nonetheless "committed legal error in failing to address the functional assessments from the C &

P examination[ ]" of Dr. Reynolds); *see also Scott v. Berryhill*, No. 6:16-CV-06780-MAT, 2018 WL 6582794, at *5 (W.D.N.Y. Dec. 14, 2018).

In sum, the ALJ erred by ignoring Dr. Reynolds' Compensation and Pension examination. This error is not harmless because Dr. Reynolds opined mental limitations that were more restrictive than the ALJ's RFC finding Dr. Reynolds wrote in his report that the plaintiff would have difficulty in establishing and maintaining effective work and social relationships and difficulty in adapting to stressful circumstances, including work or a work like setting. (Tr. 197). Although Dr. Reynolds' report was prior to the relevant period, an opinion need not be rejected or ignored solely because it predates the relevant time period. *Ramsey v. Comm'r of Soc. Sec.*, 18-cv-877-MJR, 2020 WL 2781723, at *16 (W.D.N.Y., May 29, 2020).

Since the Court has determined that remand is warranted on this basis, it need not reach plaintiff's remaining arguments.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is <u>**GRANTED**</u>; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is <u>**DENIED**</u>; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: October 8, 2021    *J. Gregory Wehrman*
Rochester, NY             HON. J. Gregory Wehrman
                          United States Magistrate Judge